(Reap. Dec. 10628)

DYNAMIC IMPORTS, INC. *v.* UNITED STATES

Entry Nos. 58123 ; 59670.

(Decided November 27, 1963)

*Barnes, Richardson & Colburn* for the plaintiff.
*John W. Douglas,* Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: The appeals for reappraisement enumerated in schedule "A," hereto attached and made a part hereof, are before me for decision on a written stipulation, reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto, subject to the approval of the court, as follows:

1. That this stipulation is limited to those items marked "A" and initialed CCP (Examiner's Initials) by Examiner Cecil C. Piatt (Examiner's Name) on the invoices covered by the appeals for reappraisement enumerated on Schedule "A" annexed.

2. That the involved merchandise was imported after the effective date of the Customs Simplification Act of 1956 (Public Law 927, 84th Congress, T.D. 54165), and is not identified on the Final List published by the Secretary of the Treasury pursuant thereto (T.D. 54521).

3. That on or about the dates of exportation, the prices at which such or similar merchandise was freely sold in the principal markets of the country of exportation, in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States, such prices including the cost of all containers and coverings of whatever nature and all other expenses incidental to placing the merchandise in condition, packed ready for shipment to the United States, were equal to the invoice unit values less the proportionate share of the item of ocean freight as invoiced.

4. That the appeals enumerated on Schedule "A" annexed, may be submitted on this stipulation, the same being limited to the merchandise and the issues described hereinabove and abandoned in all other respects.

On the agreed facts, I find that the proper basis for appraisement of the merchandise in question, as hereinabove identified, is export value, as defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956 (T.D. 54165), and hold that such statutory value therefor is equal to the invoice unit values, less the proportionate share of the item of ocean freight, as invoiced.

As to all other merchandise included on the invoices covered by the entries involved herein, the appeals for reappraisement are dismissed.

Judgment will be rendered accordingly.